

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED

JUN 15 2009

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

MELVIN C. FARMER, #350211,

        Petitioner,

v.

                                    CIVIL ACTION NO. 2:09cv104

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

    This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia.  For the reasons set forth herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

## I.   STATEMENT OF THE CASE

### A.   Background

    Petitioner, Melvin C. Farmer ("Farmer"), was convicted following a bench trial in the Circuit Court for the City of Alexandria, Virginia, on May 23, 2005, of statutory burglary, simple abduction, and simple assault and battery. Farmer was sentenced to serve a total of sixteen (16) years in prison with

eight (8) years and seven (7) months suspended, as reflected in the Circuit Court's Sentencing Order of August 23, 2005.

On September 20, 2005, Farmer noted his appeal to the Court of Appeals of Virginia.[1] Farmer's petition for appeal was denied by a single judge of the Court of Appeals of Virginia on April 13, 2006, and by a three-judge panel of that court on October 23, 2006.

Farmer filed a petition for appeal with the Supreme Court of Virginia, which was received on November 22, 2006 and denied on May 7, 2007.[2] The Supreme Court of the United States received a petition for a writ of certiorari from Farmer on July 25, 2007. On July 30, 2007 the Supreme Court notified Petitioner that his petition was incomplete and granted Farmer 60 days to make the corrections. Farmer made the corrections and the Supreme Court notified him on August 20, 2007 that his petition for a writ of certiorari was filed on July 25, 2007 and was placed on the docket

---

[1] Farmer made the following contentions to the Court of Appeals:

(A) The trial court erred by denying his motion for a continuance and other requested relief where the Commonwealth violated the trial court's discovery order and the rules of discovery;

(B) The trial court erred by considering evidence of his prior incarceration;

(C) The evidence was insufficient to prove Farmer committed burglary, domestic assault and battery, and abduction;

(D) The trial court erred by denying Farmer's motion to reopen the case.

[2] The issues appealed to the Virginia Supreme Court were the same as those raised before the Court of Appeals.

on August 20, 2007. On October 29, 2007, the Supreme Court of the United States denied Farmer's petition for a writ of certiorari. Petitioner's Response, Exs. A, B, C.

On April 20, 2008, Farmer filed a _pro se_ state petition for a writ of habeas corpus in the Supreme Court of Virginia, raising the following claims for relief:

> (A) (1) The trial court erred by denying Farmer's motion for a continuance after the Commonwealth violated the discovery rules by failing to turn over evidence (letters written by Farmer while he was incarcerated awaiting trial) until the eve of trial; (2) the trial court also erred by allowing the Commonwealth to knowingly use perjured and impeachable evidence in the form of police officer's notes; and (3) as a result of the Commonwealth's failure to provide discoverable evidence until the eve of trial, Farmer was denied effective assistance of counsel because his trial counsel failed to use the police officer's notes to demonstrate that the Commonwealth acted intentionally in violating Farmer's rights;

> (B) The trial court erred in finding Farmer guilty where the victim's testimony was inherently incredible and where the victim had tainted the testimony of her son; and

> (C) Farmer's right to the effective assistance of trial and appellate counsel was violated because his counsel failed to conduct a proper demonstration to show that Farmer was physically too big to have entered the house by climbing through the screened window as the victim had testified.

On October 21, 2008, the Supreme Court of Virginia entered an order denying Farmer's petition for writ of habeas corpus and granting the Respondent's motion to dismiss.[3] On October 27, 2008

---

[3] The Supreme Court of Virginia found Petitioner's claim (A) (1) and (2) as well as claim (B) were barred because the issues

3

Farmer mailed a "Petition for Review to a Three Judge Panel" to the Supreme Court of Virginia. Record No. 080819. Additionally, On November 13, 2008, Farmer mailed a "Request for Rehearing by all Seven Justices." Id. The Supreme Court of Virginia denied both of Petitioner's requests for a rehearing on February 5, 2009. Id.

On February 20, 2009, while in the custody of the Virginia Department of Corrections at the Sussex I State Prison, Petitioner signed the instant federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 19, 2009, Farmer mailed a Motion for Leave to Proceed in forma pauperis. The Court conditionally filed this petition on March 4, 2009. On March 20, 2009, an order was entered denying Farmer's motion to proceed in forma pauperis. Subsequently, Farmer submitted the $5.00 filing fee and on March 31, 2009, the Court filed his petition. On April 30, 2009, Respondent filed his Rule 5 Answer and Motion to Dismiss accompanied by a supporting memorandum ("Respondent's Memorandum") and a Notice of Motion Pursuant to Local Rule 7(K). On May 11, 2009, Farmer filed his response to Respondent's Motion to Dismiss ("Petitioner's Response").

---

were raised and decided in the trial court and on direct appeal from the criminal conviction. Therefore, the issues cannot be raised in a habeas petition. Henry v. Warden, 265 Va. 246, 249 (2003). Additionally, the Supreme Court of Virginia held that Petitioner's claim (A)(3) and claim (C) did not satisfy either the "performance" or the "prejudice" prong of the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984).

## B.  Grounds Alleged

Farmer now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 for the same three reasons raised in his state petition for a writ of habeas corpus, filed in the Supreme Court of Virginia on April 20, 2008.

## II.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.  Statute of Limitations

Farmer's petition is not barred by the statute of limitations. The statute of limitations for actions under 28 U.S.C. § 2254, effective April 24, 1996, is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d)(1)(A).  Ordinarily, Farmer would have had one year from the date on which his conviction became final to file a petition for federal habeas corpus relief.  Allen v. Siebert, 552 U.S. 3 (2007).  Ordinarily his conviction would become final on August 7, 2007, which was ninety (90) days after the May 7, 2007, denial of his petition for appeal by the Supreme Court of Virginia and the date upon which the period for seeking direct review of his conviction by the United States Supreme Court would have expired. See U.S. Sup. Ct. R. 13(1); Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000). However, Farmer filed a writ of certiorari

5

with the Supreme Court of the United States on July 25, 2007 and it was denied on October 29, 2007. Therefore, without considering any tolling provisions, infra, Farmer had until October 29, 2008, to file his federal petition for a writ of habeas corpus. Farmer's federal petition was not executed until February 20, 2009,[4] which was more than three (3) months outside the applicable limitation period.

### 1. Tolling Considerations

A person in state custody, however, may toll the running of the limitation period during the time in which a properly filed application for state post-conviction or other collateral proceedings remains pending. 28 U.S.C. § 2244(d)(2). Such an application remains pending throughout the state review process, including the time period between a lower state court's decision and the filing of a notice of appeal to a higher state court. Carey v. Saffold, 536 U.S. 214, 220-21 (2002); Rouse v. Lee, 339 F.3d 238, 243-44 (4th Cir. 2003) (stating that a state post-conviction proceeding for § 2244(d)(2) tolling purposes encompasses all state-court proceedings "from initial filing [in the trial court] to final disposition by the highest state court") (citing

---

[4]    As noted supra, Farmer's original federal habeas corpus petition was executed on February 20, 2009. Though it was not filed in this Court until March 31, 2009, by application of the mailbox rule, the Court considers the petition to have been filed as of the date of execution for statute of limitations purposes. See Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.

6

Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999)).

An application for state post-conviction review is "properly filed" not merely when it is delivered or accepted by the relevant court. Artuz v. Bennett, 531 U.S. 4, 8 (2000). Rather:

> an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

Id. Thus, an application that does not conform to such rules, but that is nonetheless accepted by the clerk of a state court, is not a properly filed application; it is merely a "pending" application that does not toll the limitation period. Id. at 9 (holding that the application was not properly filed and the limitation period was not tolled where the fee was not included with the filing).[5] See also Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) ("We hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's . . . petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."). On the other hand, an

---

[5] See also Osborn v. Dotson, 2002 WL 32443533 at *2 (E.D. Va. May 29, 2002) (holding that an application was not properly filed because it was submitted on improper forms, was not sworn under penalty of perjury, and did not contain a description of facts and procedural history for each claim); Christian v. Baskerville, 232 F. Supp. 2d 605, 607 (E.D. Va. 2001) (holding that petition for appeal was not properly filed because it did not contain a list of errors as required by Va. Sup. Ct. R. 5:17(c)).

7

application that complies with such rules governing filings, but that contains claims that are procedurally barred, is still a properly filed application that tolls the statute of limitations. Bennett, 531 U.S. at 9.

In this case, the record reflects that Farmer's petition for state habeas relief to Supreme Court of Virginia was "properly filed", within the meaning of § 2244(d)(2), on April 20, 2008. Thus, the statute of limitations was tolled from April 20, 2008 until February 5, 2009, when the Supreme Court of Virginia denied Jenkins' petitions for rehearing.[6] The amount of time that elapsed

---

[6]  After Farmer's state habeas petition was dismissed by a single judge of the Supreme Court of Virginia, Farmer filed a petition for review by a three (3) judge panel and a petition for review by a seven (7) judge panel. Respondent argues these pleadings should not be taken into account in our tolling calculations. Resp't's Mem. 5. Respondent further states that a proper application of Virginia Supreme Court Rule 5:7 would permit this Court to consider only a verified petition and a responsive pleading in our tolling calculations. Id. However, this Court finds that Rule 5:7 refers to the filing of additional pleadings prior to a court's announcement of its disposition. Virginia Supreme Court Rule 5:7 (e)("Further proceedings shall be taken in accordance with the orders of this Court or of a justice thereof to whom this Court may delegate authority to determine all procedural matters. If this Court or the designated justice determines [that the taking of further] evidence is desirable, depositions shall be taken ...."); see also Strong v. Johnson, 495 F.3d 134, 139 (4th Cir. 2007)("Strong did not request leave, as required by Supreme Court of Virginia Rule 5:7(e), to file a response to the Commonwealth's motion to dismiss."). Further, even if this Court assumes, as Respondent does, that Farmer's petitions for panel review should be considered a "further proceeding" which require the Supreme Court of Virginia's authorization, this Court finds that the Supreme Court of Virginia did grant authorization.  The Supreme Court of Virginia permitted Farmer to file his petitions for review by a panel and did not announce a rejection of the pleadings based on procedural error. It is therefore appropriate

from the date the Supreme Court of the United States denied Farmer's writ of certiorari, October 29, 2007, until the date Farmer filed his state habeas petition, April 20, 2008, was 175 days. In addition, the amount of time that elapsed from October 29, 2008, until February 5, 2009, was 100 days, leaving the petitioner ninety (90) days remaining to file his federal habeas petition. Petitioner therefore had until May 6, 2009, to file his federal habeas petition. Farmer executed the instant petition on February 20, 2009,[7] which is well within the applicable limitations period. Therefore, the Court FINDS Farmer's federal habeas petition was timely filed in this Court.

## B. Exhaustion

The Court FINDS that all of Farmer's claims are exhausted. Ordinarily, a state prisoner must exhaust remedies available in state court before seeking federal habeas corpus relief. 28 U.S.C. § 2254(b) and (c); Picard v. Conner, 404 U.S. 270, 275 (1971). As such, this Court cannot grant habeas relief unless a petitioner has exhausted the remedies available to him in the courts of Virginia.

---

for this Court to assume the Supreme Court of Virginia gave consideration to Farmer's petitions on the merits before denying them. Record No. 080819; Lenz v. Warden of the Sussex I State Prison, 267 Va. 318, 325 n. 3, 593 S.E.2d 292, 296 (2004)(noting that a "supplemental brief" filed in a habeas proceeding "was rejected" by order of the court). Thus, this Court considers Farmer's petition to be "properly filed" and includes Farmer's petitions for review by a panel in its tolling calculation. Artuz v. Bennett, 531 U.S. 4, 8 (2000).

[7] See supra note 4

See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (stating that if a claim has been addressed by the state's highest court on either direct or collateral review, it is exhausted) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). "Section 2254(c) requires only that state prisoners give state courts a fair opportunity to act on their claims;" thus, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 844-45. In order for a claim to be considered exhausted, it must be "'fairly presented' to the state courts," which means "that both the operative facts and the 'controlling legal principles'" must be presented to the state court." Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (quoting Pickard v. Connor, 404 U.S. 270, 275-78 (1971)); Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir. 1992)); Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993) (holding that the exhaustion requirement is satisfied when "allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court").

It is the petitioner's burden to prove that his claims have

10

been exhausted.  <u>Matthews</u>, 105 F.3d at 911.  Respondent concedes that the instant claims are exhausted because Farmer raised the claims in his direct appeals to the state court or in his state habeas proceeding.  Resp't's Mem. at 4.  The Court concurs and FINDS that the claims have been exhausted and should be addressed on the merits.

### C. **Merits**

The Court now considers Farmer's claims on the merits.  A federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d).  In drafting this statute, Congress "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way."  <u>Williams v. Taylor</u>, 529 U.S. 362, 386 (2000).  <u>See also</u> <u>Bell v. Jarvis</u>, 236 F.3d 149, 157 (4th Cir. 2000) (recognizing that, for claims adjudicated on the merits by the state court, the federal court "is limited by the deferential standard of review set forth in § 2254(d), as interpreted by the Supreme Court in <u>Williams</u>").

11

Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Williams, 529 U.S. at 387. Moreover, "[a] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be [objectively] unreasonable." Id. at 411. In deference to the state court's decision, this Court may not grant relief unless it determines that the decision on the merits was "legally or factually unreasonable." See Bell, 236 F.3d at 163 (quoting Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999)).

### 1. Claims (A)(1), (A)(2) and (B)

In Claim (A)(1), Petitioner alleges that the trial court erred in denying his motion for a continuance where the Commonwealth's attorney violated the discovery rules by failing to turn over evidence until the eve of trial in violation of Brady v. Maryland, 373 U.S. 83 (1963).[8] Petitioner's Mem. at 3. In state court,

_____

[8] In Brady, the Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. The Court also notes the holding in Strickler v. Greene, 527 U.S. 263, 291 (1999), in which the Supreme Court found there was no violation of Brady where there is merely a reasonable possibility that the disclosure of impeachment evidence "might have produced a different result,

Petitioner raised this claim when arguing on direct appeal and the Court of Appeals[9] found that "the letters were disclosed to defense counsel in time for [Farmer] to determine their effect on his case. [Farmer] acknowledged he discussed the letters with counsel prior to trial...[and] the court granted [Farmer] a short continuance to further discuss the matter with his counsel. Therefore, [Farmer] has failed to establish that the late disclosure of the letters resulted in actual prejudice."[10]   Record No. 2998-05-4.

---

either at the guilt or sentencing phases [of trial]"; to establish a Brady violation, a "petitioner's burden is to establish a reasonable probability of a different result." (other citations omitted).

[9] Farmer raised this claim on his direct appeal to the Supreme Court of Virginia, which summarily refused that petition. Record No. 062364.  When the Supreme Court of Virginia summarily refuses a petition for appeal, this Court looks to the previous state court decision as the last reasoned state judgment on that claim.  Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).  In the instant case, therefore, the Court looks to the decision of the Court of Appeals, Record No. 2998-05-4, as the last reasoned state judgment on this claim.

[10]   Farmer raised claims (A)(1), (A)(2) and (B) in his state habeas petition and they were rejected by Supreme Court of Virginia under Henry v. Warden, 265 Va. 246, 249, 576 S.E.2d 495 (2003)(holding that a non-jurisdictional issue raised and decided either in the trial or on direct appeal from the criminal conviction will not be considered in a habeas corpus proceeding). The court found that the claims had been raised by Farmer in his direct appeals, and decided against him, and therefore the claims were barred from consideration in habeas.  Record No. 080819.  To the extent this determination only involved application of state law, it is not subject to review by this Court.  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Where the underlying claim purports to concern a federal constitutional issue, on the other hand, the rule espoused in Henry, supra, does not prevent federal habeas review of

Because the state court clearly articulated the rationale behind its rulings, an independent review of the record is not necessary.  See Bell, 236 F.3d at 163.  This Court may not grant relief on any claim previously adjudicated on the merits in state court unless one of the two statutory exceptions applies.  There is nothing to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law.  On its face, the state court's rationale would appear to be reasonable.  Moreover, there is nothing to suggest that adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the facts.

In Claim (A)(2), Farmer alleges the trial court erred by

---

the claim.  See Goins v. Angelone, 226 F.3d 312, 320, n.3, cert. denied, 531 U.S. 1046 (2000), abrogated on other grounds by Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000) (recognizing that the general rule, denying state habeas review of "claims raised and decided against petitioner on direct review," does not prevent federal habeas review of otherwise properly raised claims).  In that event, federal habeas review of the claim necessarily involves review of the earlier state court decision that addressed the claim.  See generally Goins, 226 at 312.

In the instant case, Farmer presents at least a facial claim that the state court's ruling violated his constitutional rights. Accordingly, the Court will consider petitioner's claims on the merits.

Farmer raised this claim on his direct appeal to the Supreme Court of Virginia, which summarily refused that petition, Record No. 062364.  When the Supreme Court of Virginia summarily refuses a petition for appeal, this Court looks to the previous state court decision as the last reasoned state judgment on that claim.  Ylst, 501 U.S. at 803.  In the instant case, therefore, the Court looks to the decision of the Court of Appeals, Record No. 2298-05-4, as the last reasoned state judgment on this claim.

allowing the Commonwealth to knowingly use perjured and impeachable evidence in the form of the police officer's notes.[11] This Court construes Farmer's claim (A)(2) to allege the state trial court made an incorrect decision in determining the admissibility of the "police officer's notes." Petitioner's Mem. at 3. This Court cannot consider federal habeas claims that rely solely on allegations that the state court misapplied state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Petitioner's claim (B) alleges that the trial court erred in finding him guilty where the victim's testimony was inherently incredible and where the victim had tainted the testimony of her son. The Court of Appeals[12] accepted the trial court's determination that the victim's testimony was "believable" and "consistent." Record No. 2298-05-4. Additionally, the Court of Appeals found that the evidence was sufficient to prove beyond a reasonable doubt that Farmer committed burglary, assault and battery and abduction. Id.

Because the state court clearly articulated the rationale behind its rulings, an independent review of the record is not

---

[11]  See supra note 10.

[12]  See supra note 10.

15

necessary.  See Bell, 236 F.3d at 163.  This Court may not grant relief on any claim previously adjudicated on the merits in state court unless one of the two statutory exceptions applies.  There is nothing to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law.  On its face, the state court's rationale would appear to be reasonable.  Moreover, there is nothing to suggest that adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the facts.

Based on the foregoing, Farmer has failed to show that the Circuit Court's dismissal of these claims was either factually or legally unreasonable.  Accordingly, this Court recommends that Claims (A)(1), (A)(2) and (B) be DENIED.

### 2. Claims (A)(3) and (C) - Ineffective Assistance of Counsel

Petitioner's claim (A)(3) and claim (C) assert ineffective assistance of counsel.  The controlling standard for ineffective assistance of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668 (1984).  As such, to grant Farmer relief on his ineffective assistance of counsel claims, this Court must find that the state court's dismissal of such claims involved an unreasonable application of Strickland.  Under Strickland, the state court was required to subject Farmer's claim to a two-prong test in which the petitioner must prove both ineffective assistance

16

(incompetence) and prejudice. Kimmelman v. Morrison, 477 U.S. 365, 381 (1986). To grant relief, the state court had to find: (1) Farmer's lawyer's performance fell below the range of competence demanded of lawyers in criminal cases, Strickland, 466 U.S. at 690; and (2) there is a reasonable probability that, but for the deficient performance by counsel, the ultimate result would have been different, id. at 694.

When assessing counsel's performance under Strickland's first prong, the Supreme Court has stressed that the constitutional guarantee of effective assistance of counsel seeks only to "ensure that criminal defendants receive a fair trial," and not to "improve the quality of legal representation." Id. at 689. The reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. In order to prevail, a petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). Accordingly, the reviewing court must grant a "heavy measure of deference to counsel's judgments," and, in doing so, may only evaluate such performance from counsel's perspective at the time of the alleged error and in light of all the circumstances. Id. at 690-91; Kimmelman, 477 U.S. at 381. Additionally, a reviewing court generally should assess counsel's overall performance throughout the case, Kimmelman, 477

17

U.S. at 386, and avoid "Monday morning quarterbacking." <u>Stamper v.</u>
<u>Muncie</u>, 944 F.2d 170, 178 (4th Cir. 1991); <u>see also</u> <u>Strickland</u>, 466
U.S. at 689 ("A fair assessment of attorney performance requires
that every effort be made to eliminate the distorting effects of
hindsight . . . .").

The second prong of the <u>Strickland</u> analysis presents an
equally rigorous standard. To affirmatively prove prejudice, a
petitioner must do more than merely demonstrate that his attorney's
error had "some conceivable effect" on the outcome of the case.
<u>Strickland</u>, 466 U.S. at 693. Rather, the petitioner must
demonstrate "a reasonable probability[13] that, but for counsel's
unprofessional errors, the result of the proceeding would have been
different." <u>Id.</u> at 694. As with the first prong, the reviewing
court must consider the totality of the evidence before it in
conducting the prejudice inquiry. <u>Id.</u> at 695.

Additionally, a reviewing court need not consider the two
prongs of the <u>Strickland</u> analysis in sequential order. <u>Strickland</u>,
466 U.S. at 697. The court need not even address both prongs if
the petitioner fails to make a sufficient showing on one. <u>Id.</u>
When evaluating an ineffective assistance of counsel claim, a court
should first apply whichever prong more quickly disposes of the

---

[13] The Court notes that this standard is not so high as to
require that a petitioner "show that counsel's deficient conduct
more likely than not altered the outcome in the case." <u>Strickland</u>,
466 U.S. at 693-94. "A reasonable probability is a probability
sufficient to undermine confidence in the outcome." <u>Id.</u> at 694.

respective claim.  See id.

In petitioner's claim (A)(3), Farmer alleges the Commonwealth's failure to provide discoverable evidence until the eve of trial resulted in the denial of the effective assistance of counsel because counsel failed to use the officer's notes to demonstrate that the Commonwealth acted intentionally in violating petitioner's rights. Petitioner's Mem. at 5.

The Supreme Court of Virginia held that this claim satisfied neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland.  Record No. 080819.  The state court found that the record, including the trial transcript, demonstrated that Farmer's counsel objected to the Commonwealth's late disclosure of certain evidence but that the trial court determined counsel had sufficient time to review the evidence with Farmer prior to the commencement of trial. Id. at 2. Additionally, the Supreme Court of Virginia found that Farmer's counsel used the officer's notes during cross-examination to highlight the differences between the notes and the report prepared by the officer. Id. Thus, Farmer has failed to demonstrate that his counsel's performance was deficient or that there was a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. Id.

In Claim (C), Petitioner alleges that he was denied effective assistance of counsel because his counsel failed to present

material evidence that would have proven that Petitioner was innocent. Petitioner's Mem. at 4. Farmer claims that his counsel should have conducted a proper demonstration to show that he was physically too big to have entered the victim's house by climbing through the screened window. Record No. 080819. Farmer alleges that had his counsel conducted a proper demonstration, the evidence would have proven that the victim opened the door and invited him to enter the house. Id.

The Supreme Court of Virginia found Claim (C) did not satisfy either the "performance" or the "prejudice" prong of Strickland. The court found that the record, including the trial transcripts, demonstrated that the petitioner's body could easily fit within the screen. Record No. 080819. However, Farmer's counsel argued that the demonstration was executed incorrectly and that Petitioner could not have fit through the screen as it hung on the window. Id. The trial court noted for the record that the screen demonstration did not play a part in the court's decision to convict petitioner. Id. Thus, Farmer has failed to demonstrate that his counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. Id.

Because the Supreme Court of Virginia clearly articulated the rationale behind its ruling, an independent review of the record is not necessary. See Bell, 236 F.3d at 163. This Court may not

grant relief on any claim previously adjudicated on the merits in state court unless one of the two statutory exceptions applies. There is nothing to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law.  On its face, the state court's rationale would appear to be a reasonable application of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), which provides the controlling standard in ineffective assistance of counsel claims.  Moreover, there is nothing to suggest that adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the facts.

Based on the foregoing, Farmer has failed to show that the Supreme Court of Virginia's dismissal of claim (A)(3) and claim (C) on the merits was either factually or legally unreasonable. Accordingly, this Court recommends that Claim (A)(3) and Claim (C) be DENIED.

## IV. RECOMMENDATION

For the foregoing reasons, the Court having found that Farmer's claims are without merit, the Court recommends that Farmer's petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that all of Farmer's claims be DISMISSED.

Farmer has failed to demonstrate "a substantial showing of the denial of a constitutional right."  Therefore, it is recommended

that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

## V. **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States

v. Schronce, 727 F.2d 91 (4th Cir. 1984).

_____
United States Magistrate Judge

Norfolk, Virginia
June 15, 2009

### Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Melvin Curtis Farmer, #350211
Sussex I State Prision
24414 Musselwhite Drive
Waverly, Virginia  23891
PRO SE

Leah A. Darron, Esq.
Senior Assistant Attorney General
Office of the Attorney General
900 E. Main Street
Richmond, Virginia  23219
COUNSEL FOR RESPONDENT

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

June 15, 2009

23